UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIBU MEDIA, LLC | : |
| | : |
| | : NO. 2:12-CV-02083-CDJ |
| V. | : |
| | : |
| JOHN DOES 1-22 | : |

### DEFENDANT JOHN DOE 13'S MOTION FOR TO SEVER ALL CLAIMS AGAINST DOE DEFENDANTS 2 THROUGH 22

Defendant, John Doe 13, by and through its attorney, Martha E. Von Rosenstiel, Esquire hereby respectfully requests this Honorable Court sever all claims against John Doe Defendants 2 through 22, joined as Defendants by Malibu Media, LLC pursuant to Federal Rule of Civil Procedure 20 to the claim brought against John Doe 1 and in support thereof avers as follows:

1. The Plaintiff's Complaint alleges copyright violations against unnamed 22 unnamed John Doe Defendants.

2. The "factual background" of the case is set forth as follows [ECF #1, Complaint]:

    a) Paragraph 11 of the Complaint states that: "Plaintiff is the owner of United States Copyright Registration Number PA0001775909 (the "Registration") for the motion picture entitled 'Silvie Eufrat Strip Poker' (the 'Work')".

    b) Paragraph 12 alleges: "The Work was registered on or about 2/17/2012"

    c) Paragraph 13 alleges: "A copy of an internet screen shot from the U.S. Copyright Office's website evidencing, among other things, Plaintiff's ownership of the Registration and the registration date is attached as Exhibit ." [ECF #1, EXHIBIT B]

    d) Paragraphs 37, 38 and 39 allege that the Plaintiff retained the services of IPP, Limited ("IPP") which used forensic software to determine that a single hit for an allegedly unique hash number occurred over a period of approximately 30 days. [ECF#1, EXHIBIT A]

3. All remaining paragraphs of Plaintiff's lengthy complaint contain only boilerplate language explaining how BitTorrent software allows joining of a "swarm" via a "Peer-to-Peer" network that may allow Does 1 through 22, or quite possibly someone else using a device connected to one of the DOE IP addresses, to download or upload Plaintiff's copyright protected movie, or a piece of the movie.

4. Plaintiff alleges that Doe 13 engaged in a single act allegedly occurring o 14-February 20,12, at 12:12 a.m. [ECF #1, Exhibit B].

5. The Plaintiff lumps this act in with 21 separate alleged downloads by others over a period of approximately thirty days.

6. Doe 13 does not know any of the other Doe Defendants and has not acted in concert with any other Doe Defendants.

7. Plaintiff has recited no facts to demonstrate that these were anything other than isolated acts by individuals who may have been surfing the net.

8. The recitation that all 22 DOES were downloading the same movie, or part of the same movie over a thirty day period does not change the nature of these occurrences to anything other than isolated incidents.

9. There is no demonstration that these 22 DOES are "jointly, severally, or in the alternative" liable to one another and to the Plaintiff (Fed. R. Civ. P. 20(a)(2)).

10. In fact in its prayer for relief the Plaintiff seeks judgment "against each Defendant" for injunctive relief, damages, costs, and attorney fees.

11. DOE #13 has been misjoined as a party, and the proper course for the Court is to drop DOE #13 (as well as all but one of the putative defendants) as a party in this suit. Fed R. Civ. P. 21.

WHEREFORE, John Doe 13 respectfully prays this court sever and dismiss all claims asserted by Malibu Media, LLC 2 through 22 without prejudice.

/s/Martha E. Von Rosenstiel, Esquire
Martha E. Von Rosenstiel
Attorney for Defendant John Doe 13
649 South Avenue, Unit #6
Secane, PA 19018
Attorney I.D. #52634
(610) 328-2887, Ext. 10