UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | : | |
| | : | |
| | : | NO. 2:12-CV-02083-CDJ |
| V. | : | |
| | : | |
| JOHN DOES 1-22 | : | |

**<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
JOHN DOE 13'S MOTION TO SEVER</u>**

**I.  INTRODUCTION**

On April 19, 2012 Malibu Media, LLC (hereinafter Malibu) filed a Complaint against this Court alleging that 22 John Doe Defendants infringed Malibu's copyright in the movie "Sylvie Eufrat's Strip Poker" by uploading and downloading the movie, or pieces of the movie via the Internet, using BitTorrent peer-to-peer file sharing protocol.

Over the past few years, in response to the explosive growth of peer-to-peer (hereinafter referred to as "P2P") file sharing networks on the Internet, owners of copyrighted mass produced pornographic material have filed numerous suits against "John Doe" defendants they allege are infringing on their copyright. The vast majority of these lawsuits, like the instant action, seek to join pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure numerous unrelated and unidentified individuals in one action on the theory that the alleged acts were committed "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact

common to all defendants will arise in the action."

Plaintiff Malibu is one of many mass producers of pornography, having registered 102 copyrights, 38 of which have been registered in 2012 alone (United States Copyright Office online catalog, attached as Exhibit A).

Between February 8, 2012 and June 4, 2012, Malibu filed 26 virtually identical cases against 446 John Doe defendants in this District alone (United States District Court Eastern District of Pennsylvania – PACER Case Query attached as Exhibit B).

The cases in this district represent a small percentage of the 219 cases filed by Malibu in the United States District Courts across the nation (PACER Case Locator, copy attached as Exhibit C).

Additionally, between August, 2011 and January, 2012, the attorney for Malibu has also filed numerous cases in this District on behalf of various other Plaintiff mass producers of pornography, including K-Beech, Inc.,Patrick Collins, Inc. NuCorp, Inc and Raw Video, Inc., all naming multiple John Doe defendants (see PACER Case Query by Attorney Name, Exhibit D).

The substantive and procedural postures of these actions are strikingly similar and strongly indicate a lack of intent by the Plaintiff to reach a decision on the merits. Rather, an overview of the procedural *modus operandi* of the various mass producers of pornography in filing these numerous cases against multiple John Doe defendants demonstrate a systematic effort to use legal process to extract settlement monies, rather than to reach a fair and efficient decision on the merits. The cases filed in this District, as shown on Exhibit D, are virtually identical in substantive allegations, procedural posture and case conclusion:

a) Each of the Plaintiffs is a mass producer of pornography.

b)  All of the Complaints in these mass John Doe Defendants contain virtually identical boilerplate language describing the BitTorrent protocol, which allegedly connects all defendants together and creates a joint and several liability as to the Defendants.

c) Each Complaint is filed by Plaintiff against a group of John Doe Defendants and alleges use of "BitTorrent Protocol" to download their movies.

d)  A Rule 45 subpoena is issued and served on the internet providers linked to the IP addresses of the unnamed defendant.

e)  Each of the unnamed defendants is advised that by their internet service provider ISP that subpoena has been issued against them.

f)  Certain of the John Doe defendants retain counsel and file various motions to address the procedural irregularities of plaintiff's en masse actions, including Motions for Enlargement of Time, Motions to Quash Subpoena, Motions to Dismiss and Motions to Sever.

g)  Certain John Doe defendants are voluntarily dismissed with prejudice in conformity with settlement agreements.

h)  The Plaintiff then terminates the action against the remaining defendants, without prejudice.

i)  None of the cases filed by Plaintiff have progressed to service, none have resulted in a Rule 26(f) pretrial conference and certainly none have ever been decided on the merits.

j)  There appears to be little correlation between the Orders of this Honorable Court and what actually transpires in a given case.

## II.  ARGUMENT

Federal Rule of Civil Procedure 20(a)(2)(A) and (B) allow permissive joinder of Defendants into one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and if any question of law or fact common to all Defendants will

arise in the action.

However, Federal Rule of Civil Procedure 20(b) allows the court to "issue orders – including an order for separate trials – to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party. As is always the case in the United States District Courts, all Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Federal Rule of Civil Procedure #1.

The various judges of the United States District Court for the Eastern District of Pennsylvania have had ample opportunity to review the cases filed by the Plaintiff. In K-Beech, Inc. v. John Does 1 – 36, 2L11-cv-05058, the first in the long list of mass the pornography cases filed in this District, the Complaint filed on August 8, 2011 is virtually identical in form and substance to the Complaint at issue in the present case [2:11-cv-05058, ECF #1]. The Court held that the multiple John Doe defendants had been improperly joined.

On Judge Kelly's October 21, 2011 order, he explained his reasoning that joinder was improper and severance warranted in footnote 1, as follows [ECF #30]:

> K-Beech brings this action against thirty-six "John Doe" defendants ("Defendants"), identified only by their internet protocol ("IP") addresses, for direct and contributory copyright infringement of an adult film called Gang Bang Virgins (the "film"). K-Beech alleges that the Defendants downloaded the film from the internet using BitTorrent, a peer-to-peer ("P2P") file sharing protocol. The BitTorrent protocol allows users to join a "swarm" of host computers to download and upload from each other simultaneously.
>
> On August 12, 2011, we granted K-Beech's motion to serve third-party subpoenas on internet service providers ("ISPs") to obtain the Defendants' identities. After receiving notice of the subpoena from his ISP, Defendant Doe filed a "Motion to Quash or Modify Subpoena" arguing that Defendants 2 through 36 were improperly joined. Thereafter, several other Defendants filed Motions to Quash, arguing that joinder was improper. We agree that Defendants 2 through 36 were improperly joined. Federal Rule of Civil Procedure 20(a)(2) permits a court to join defendants in one action if: (1) a claim is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or

series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2) (emphasis added). Many courts have already considered how the joinder rules apply to lawsuits against Doe defendants who are alleged to have acted in concert by using BitTorrent or other similar P2P software to infringe copyright laws. On the Cheap, LLC v. Does 1-5011, No. C10-4472, 2011 WL 4018258, at *1 (N.D. Cal. Sept. 6, 2011). Most recent decisions on this issue have concluded that the use of the BitTorrent protocol does not distinguish these cases from earlier rulings in P2P cases in which courts found that joining multiple Doe defendants was improper since downloading the same file did not mean that each of the defendants were engaged in the same transaction or occurrence.  Id. (collecting cases). See also IO Group, Inc. v. Does 1-435, No. 10-4382, 2011 WL 445043 (N.D. Cal. Feb. 3, 2011); Diabolic Video Productions, Inc. v. Does 1-2099, No. 10-5865, 2011 WL 3100404 (N.D. Cal. May 31, 2011); Order, W. Coast Prods., Inc. v. Does 1-535, Civ-A-No. 10-94 (N.D. W. Va. Dec. 16, 2010). We agree with the views expressed by these courts and find that K-Beech has not established that joinder would be proper under Rule 20(a)(2) merely because Defendants used BitTorrent to download the film.

Furthermore, even if K-Beech had satisfied Rule 20(a)(2)'s conditions for joinder, we would still sever the Defendants based on our broad discretionary authority because it is likely that each of them will raise unique factual and legal defenses. See Fed. R. Civ. P. 21 ("On motion or on its own, the court may, at any time, on just terms . . . drop a party.") The different factual and legal defenses will undoubtedly give rise to an array of motions, the management of which will most efficiently be accomplished by severing the Defendants. See In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig., No. 06-20042, 2007 WL 2458021, at *1 (E.D. Pa. Apr. 23, 2007) (". . . courts may sever parties for the efficient administration of justice.") (internal citation omitted). Accordingly, we will sever all Defendants except John Doe 1 and we will quash all third-party subpoenas served on ISPs except as to John Doe 1.
.

In addition to severing all but Doe #1, Judge Kelly also ruled that the Plaintiff had until November 4, 2011 to file an amended Complaint against Doe #1.  No amended Complaint was filed and on December 6, 2011, Plaintiff filed Notice of Voluntary Dismissal by K-Beech, Inc. As To Notice of Voluntary Dismissal of Doe #1 Without Prejudice.   The Plaintiff never proceeded on the merits. A true and correct copy of the PACER Docket Entry **2:11-cv-05058** attached as Exhibit E.

Notwithstanding Judge Kelly's Order to Sever, counsel for Plaintiff is undeterred and has continued to file similar suits on behalf of the various mass producers of pornography that he represents.  The various Plaintiffs have continued to improperly join mass John Doe

defendants, without any intention to proceed on the merits, as demonstrated by the facts and procedure in the following Eastern District cases:

### A. **PATRICK COLLINS, INC. V. JOHN DOES 1 – 51, DOCKET NO. 2:11-CV-05059**

In Patrick Collins, Inc. v. John Does 1 – 51, Docket No. 2:11-cv-05059-WY, the Honorable William H. Yohn, Jr. denied a Motion to Quash Subpoena and Motion to Dismiss on November 7, 2011, but also denied Plaintiff's request for an Order requiring the Doe movants to identify themselves . Within thirty days of the Order, Plaintiff had settled with and voluntarily dismissed 5 Doe Defendants and had dismissed without prejudice as to all others. The Plaintiff did not proceed on the merits and the case was closed on December 6, 2011.  See PACER Docket Entry  **2:11-cv-05059** attached as Exhibit F.

### B. **PATRICK COLLINS, INC. V. JOHN DOES 1 – 35, 2:11-CV-05172**

In Patrick Collins, Inc. v. John Does 1 – 35, 2:11-cv-05172, the Honorable Timothy J. Savage entered an Order on December 29, 2011, severing all Defendants except Doe 32 from the action.  On January 31, 2012, Judge Savage issued an Order scheduling a pretrial conference for February 29, 2012.  Just one day prior to the scheduled Rule 26(f) conference, on February 28, 2012, the Plaintiff voluntarily dismissed John Doe 32.  No action was ever taken by Plaintiff to determine the case against John Doe 32 on the merits.  See PACER Docket Entry **2:11-CV-05172** attached as Exhibit G.

### C.  **PATRICK COLLINS, IN  C. V. JOHN DOES 1 – 21, CASE #2:11-CV-05173**

In Patrick Collins, In c. v. John Does 1 – 21, Case #2:11-cv-05173-BMS, the Honorable Berle M. Schiller entered an Order on October 21, 2011, requiring all Doe movants must identify themselves by name and address when filing a pleading.  On November 7, 2011, Judge Schiller denied John Doe's Motion to File Anonymously, Sever Defendants for Improper Joinder, Stay the Proceeding based on Misjoinder, Quash Subpoena, or in the Alternative, for

Protective Order.

Despite this favorable ruling, Plaintiff did not proceed in the case. Rather fourteen days after the entry of Judge's Order, Plaintiff voluntarily dismissed Defendants 1-16 and 18-21 without prejudice, having already settled with and dismissed Doe 17 with prejudice. The Plaintiff made no efforts in this case to reach a determination on the merits. See PACER Docket Entry **2:11-CV-05173**, Exhibit H.

### D. RAW FILMS, LLC V. JOHN DOES 1-21, DOCKET NO. 2:11-CV-07248

In Raw Films, LLC v. John Does 1-21, Docket No. 2:11-cv-07248, On March 23, 2011, the Honorable Mary A. McLaughlin denied Doe Defendant's Motion to Quash or Modify Subpoena (Doc. 35) and also denied John Doe XX's omnibus motion to sever, to quash subpoenas and issue a protective order, although Judge McLaughlin did not rule out the possibility of revisiting the improper joinder issue at a later date.

Just six days later, on March 29, 2012, Plaintiff Voluntarily Dismissed Does 1-9, 11 and 13 to 15 without prejudice.

On May 22, 2012 Plaintiff voluntarily dismissed Does 8, 10 and 12, thus effectively closing this case. Only Doe XX, who was not named as a Doe Defendant in the case remains and he has not been properly or improperly joined. See PACER Docket Entry **2:11-CV-07252** attached as Exhibit I.

### E. PATRICK COLLINS, INC. V. JOHN DOES 1 - 18 , CASE NO. 2:11-CV-07252

In Patrick Collins, Inc. v. John Does 1 - 18 , Case No. 2:11-cv-0752, the Honorable Mitchell S. Goldberg issued an Order on May 14, 2012 that denied Defendant John Doe 13's Motion to Sever and refused to quash the subpoenas that had been issued.

Just three weeks later, on June 6, 2012, the Plaintiff voluntarily dismissed John Doe 13 with prejudice. The remainder of the 18 John Doe Defendants were voluntarily dismissed without prejudice on the same day. The Plaintiff made no effort to proceed on the merits. See

PACER Docket Entry **2:11-CV-07252** attached as Exhibit J.

As evidenced by the attached Docket Entry 2:12-cv-00664 (Exhibit K) and Docket Entry #1-12-00665 (Exhibit L), the current Malibu cases seem to be following the same basic pattern as the rest of the mass pornography producer cases filed in this District. Based on the history of the mass produced pornography cases, it seems highly unlikely that any of the current cases filed by Plaintiff will ever be pursued at all.

## II.   ARGUMENT

The records of the BitTorrent cases filed in this District suggest that these are not "Special Track" cases, requiring determinations of complex issues and extensive judicial supervision. Rather, it is clear that Plaintiff's true motive for seeking joinder is to keep its own litigation costs down while gaining time to pressure Defendants into settling with the Plaintiff. All the plaintiffs appear to be interested in is using the Federal Courts to obtain the name of Internet subscribers and then trying to coerce a settlement for the alleged illegal distribution of a movie that may have been made for no purpose other than to facilitate the settlements that are clearly the ultimate goal of this mass pornography litigation. The Plaintiff's filings are clearly abusive and should not be permitted.

Recent decisions by Courts have strongly rejected Plaintiff's attempts at joinder and have identified these mass pornography cases as improper. See Malibu Media, LLC v. Does 1-23, Civil Action No. 1:12cv166 (E.D.VA) (Exhibit M) and In re BitTorrent Adult Film Copyright Infringement Cases, 2012 US. Dist. LEXIS 61477 (Exhibit N).

### III. CONCLUSION

For all the above stated reasons, Doe 13's Motion to Sever should be granted.

> Respectfully submitted,
>
> /s/Martha E. Von Rosenstiel, Esquire
>
> Martha E. Von Rosenstiel
> Attorney for John Doe 13
> 649 South Avenue, Unit 6
> Secane, PA 19018
> Attorney ID #52634
> (610) 328-2887, Ext. 10