UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

```
---------------------------------------------------------------X
                                                               :
MALIBU MEDIA, LLC,                                             :
                                                               :        Civil Action No. 2:12-cv-02083-CDJ
                              Plaintiff,                        :
                                                               :
              vs.                                              :
                                                               :
JOHN DOES 1-22,                                                :
                                                               :
                              Defendants.                      :
                                                               :
---------------------------------------------------------------X
```

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT
JOHN DOE 13'S MOTION TO SEVER ALL CLAIMS AGAINST
DOE DEFENDANTS 2 THROUGH 22 [DKT. 11]**

**I.   INTRODUCTION**

Plaintiff respectfully requests this Court deny Defendant's Motion because joinder is proper and Plaintiff has a valid purpose for bringing this lawsuit. "While we would like to think that everyone obeys the law simply because it is the law and out of a sense of obligation, we also know that laws without penalties may be widely ignored."[1]  Plaintiff has suffered massive harm due to infringements committed by tens of thousands of residents in this District and has no option but to file these suits to prevent the further widespread theft of its copyright.

Despite Defendant's contentions, Plaintiff has a proper purpose and intent to litigate. Undersigned has demonstrated this intent through other similar cases in this district. Indeed, after the Honorable Judge Schiller severed K-Beech, Inc. v. John Does 1 – 78, 5:11-cv-05060-BMD (E.D. Pa 2011), plaintiff, through undersigned, individually sued over 35 defendants in this

---

[1] [1] Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary 108th Cong. (2003) available at http://www.copyright.gov/docs/regstat090903.html

Court.  Additionally, Plaintiff is in the process of refilling against several defendants in other cases where the Rule 4(m) deadline expired before plaintiff had adequate time to serve.  To explain, it often takes several weeks or even months for Plaintiff to receive the Doe Defendant's information from the Internet Service Providers, particularly if a motion has been filed.  Further, once the identities are revealed, Plaintiff may choose not to proceed against some of the defendants for a variety of reasons.  This includes if a defendant is active duty military, a company with open Wi-Fi for patrons, or other circumstances that present themselves.  It is often the case that Plaintiff reaches the Rule 4(m) deadline before it has had time to determine whether to pursue its case against a defendant.  In that situation, Plaintiff dismisses the defendants without prejudice and refiles against them individually.  Plaintiff has demonstrated its intent to litigate in other jurisdictions throughout the country, some of which have already reached the discovery stage.  See Malibu Media, LLC v. Fantalis et al, 1:12-cv-00886-MSK-MEH (D. Colo. April 4, 2012).

Both the Eighth and Second Circuits, the only circuits to rule on this issue, have approved the use of Rule 45 subpoenas in on-line infringement cases to identify anonymous Doe Defendants.  The Eight Circuit held "organizations such as the RIAA can file a John Doe suit, along with a motion for third-party discovery of the identity of the otherwise anonymous 'John Doe' defendant."  In re Charter Communications, Inc., Subpoena Enforcement Matter, 393 F.3d 771, FN3 (8th Cir. 2005).  Similarly, in Arista Records, LLC. v. Doe 3, 604 F.3d 110 (2d Cir. 2010) the Second Circuit upheld the District Court's denial of a motion to quash after Arista obtained leave "to serve a subpoena on defendants' common ISP, the State University of New York at Albany."  By so holding, the Second Circuit approved the process of issuing a Rule 45 subpoena to an ISP to identify anonymous Doe Defendants.  Doe 3 in the Arista case

unsuccessfully argued he or she had a First Amendment right to remain anonymous which outweighed a Plaintiff's right under the Petition Clause of the U.S. Constitution to sue for copyright infringement.   Additionally, the Second Circuit rejected Doe 3's assertion that the Supreme Court's heighted pleading standards as announced in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1337 (2009) made it impossible to plead a claim of infringement against an on-line anonymous infringer.

> [T]he Court finds that (a) the information sought in the subpoenas is relevant to the plaintiff's claims; and (b) under the circumstances, the plaintiff's right to pursue its claims of infringement by means of discovering subscriber information outweighs the moving defendant's asserted rights to remain anonymous in connection with the alleged infringing activity.

Id. at 5.

The online theft of Plaintiff's property greatly damages its business, products, and reputation.   The phenomenon is pervasive in the adult movie industry.   According to a Miami New Times survey, thirty two percent (32%) of respondents admit to illegally downloading their adult movies.[2]   Accordingly, Plaintiff Malibu Media's motivation for bringing these suits is quite simply to hold the infringers liable for their theft and by so doing hopefully deter the future theft of its movies.   If there was any easier way to stop the infringement, Malibu Media would immediately pursue it.

Both Congress and the United States Copyright Office have made it clear that the suits Plaintiff brings against individual infringers are proper.   In 1999 Congress intentionally amended the Copyright Act to deter individuals from infringing copyrights on the internet by increasing the statutory remedies:

> Congress did contemplate that suits like this [against individuals] were within the Act. Congress last amended the Copyright Act in 1999 to increase the

---

[2] See http://business.avn.com/articles/video/Miami-New-Times-Releases-Sex-Survey-Results-447237.html

> minimum and maximum awards available under § 504(c). See Digital Theft
> Deterrence and Copyright Damages Improvement Act of 1999, Pub. L. No.
> 106-160, 113 Stat. 1774. At the time, Congress specifically acknowledged that
> consumer-based, noncommercial use of copyrighted materials constituted
> actionable copyright infringement. Congress found that "copyright piracy of
> intellectual property flourishes, assisted in large part by today's world of
> advanced technologies," and cautioned that "the potential for this problem to
> worsen is great."

Sony v. Tennenbaum, 2011 WL 4133920 at *11 (1st Cir. 2011) (emphasis added).

During her time as Register of Copyrights, Mary Beth Peters gave a statement to the Senate

Judiciary Committee on exactly the type of copyright infringement claims that are before this

Court, highlighting the necessity for copyright holders to bring these actions.

> [F]or some users of peer-to-peer technology, even knowledge that what they
> are doing is illegal will not be a sufficient disincentive to engage in such
> conduct. But whether or not these infringers know or care that it is against the
> law, the knowledge that such conduct may lead to expensive and burdensome
> litigation and a potentially large judgment should have a healthy deterrent
> effect. ... For many people, the best form of education about copyright in the
> internet world is the threat of litigation. In short, if you break the law, you
> should be prepared to accept the consequences. Copyright owners have every
> right to enforce their rights in court, whether they are taking action against
> providers of peer-to-peer services designed to profit from copyright
> infringement or against the persons engaging in individual acts of infringement
> using such services.[3] (Emphasis added.)

She further continued that Copyright owners should "offer no apologies" in bringing these

actions before the Court:

> While copyright owners have expressed regret that they have felt compelled to
> take this step, they need offer no apologies. As I have already said, people who
> use peer-to-peer technology for the unauthorized reproduction or distribution of
> copyrighted works are breaking the law. Surprisingly, many people do not
> appear to realize this. I have long advocated more public education about
> copyright. In a perfect world, this could be done in classrooms and with

---

[3] Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary 108th Cong. (2003) available at http://www.copyright.gov/docs/regstat090903.html

> billboards. But ours is not a perfect world, and public education can also be
> accomplished through enforcement of copyright. (Emphasis added.)[4]

Defendant attempts to persuade this Court to sever the defendants on the grounds that Plaintiff brings these suits with an improper purpose. Plaintiff's purpose is plain and simple: to deter future infringement, preserve its valuable copyright, and receive compensation for the mass theft of its property.

## II.    JOINDER IS PROPER

Fed. R. Civ. P. 20 permits joinder when plaintiffs **"**assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." Rule 20(a) not only permits permissive joinder when there is the same transaction or occurrence, it also permits joinder when a Plaintiff has pled (a) "series of transactions or occurrences" or (b) joint or several liability.  Plaintiff has done both here.

Recently this Court, consistent with the above analysis, issued an opinion stating that joinder was proper because the claims against each Defendant are logically related and clearly contain common questions of law and fact.

> After considering the parties' filings in the present matter, we find that severance
> would be inappropriate at this time. Plaintiff's allegation that Defendants
> downloaded and shared the same file, were part of the same swarm, and are
> contributorily liable for each others' infringement is sufficient to establish, at this
> stage of the proceedings, that the claims against each Defendant are logically
> related and therefore arise out of the same transaction, occurrence, or series of
> transactions and occurrences. Further, Plaintiff's infringement claims against each
> Defendant clearly contain common questions of law and fact.

Patrick Collins Inc. v. John Does 1-18, 2:11-cv-07252-MSG, *3 (E.D. Pa. May 7, 2012) (Emphasis added).

---

[4] Id.

A. **The Infringement Occurred Through a Series of Transactions**

"Series" has been interpreted by Circuit Courts to mean a "logically related" fact pattern.

> [A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.

Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

While the logical relationship test does not require it, should this matter go to trial, Plaintiff will prove that the Defendants' infringement was committed through the same transaction or through a series of transactions with mathematical certainty by demonstrating, *inter alia,* that the algorithm used by BitTorrent Trackers would have caused the entire series of transactions to be different <u>but for</u> each of the Defendants' infringements.

i.       **Series of Transactions Explained By the Michigan Court**

Plaintiff alleges that its investigator, IPP Limited, was able to receive a piece of Plaintiff's copyrighted movie from each Defendant.  In order for Plaintiff's investigator to have received this piece, each alleged infringer must have had part of Plaintiff's movie on his or her computer and allowed others to download it.

There are four possible ways that each Defendant may have received the piece of the movie that was sent to IPP Limited.  First, the Defendant may have directly connected with the initial seeder and downloaded a piece of the file directly from the initial seeder's computer. Second, the Defendant may have directly connected to and received a piece of the movie from a seeder who downloaded the movie from the initial seeder or other infringers.  Third, the Defendant may have connected to or received a piece of the movie from other Defendants that received the movie from the initial seeder or other infringers.  Fourth, the Defendant may have

connected to or received a piece of the movie from other infringers who downloaded from other Defendants, other infringers, other seeders, or the initial seeder.  "In other words, in the universe of possible transactions, at some point, each Defendant downloaded a piece of the Movie, which had been transferred through a series of uploads and downloads from the Initial Seeder, through other users or directly, to each Defendant, and finally to IPP."  Patrick Collins, Inc. v. John Does 1-21, 2012 WL 1190840, at *5 (E.D. Mich. Apr. 5, 2012).  Each defendant participated in the same series of transactions.  These transactions are all reasonably related, not just because Defendants used BitTorrent, but also because Defendants utilized the computers of others to download the same file, and allowed others to access their computer to receive it.

The Honorable Mary McLaughlin addressed this exact issue in a similar BitTorrent copyright infringement action.  Judge McLaughlin held joinder was proper because the claims arise out of the same series of transactions.  Raw Films v. John Does 1-15, 2012 WL 1019067, at *4 (E.D. Pa. March 26, 2012).

> [E]ven if no Doe defendant directly transmitted a piece of the Work to another Doe defendant, the Court is satisfied at this stage of the litigation the claims against each Doe defendant appear to arise out of the same series of transactions or occurrences, namely, the transmission of pieces of the same copy of the Work to the same investigative server.

Id.

### ii.   The Supreme Court Allows Joinder When The Defendants Do Not Directly Interact With Each Other

In United States v. Mississippi, 380 U.S. 128 (1965) the Supreme Court found that the joinder of six defendants, election registrars of six different counties, was proper because the allegations were all based on the same state-wide system designed to enforce the voter registration laws in a way that would deprive African Americans of the right to vote.  Although the complaint did not allege that the registrars directly interacted with each other, or even that

7

they knew of each other's actions, or that each other's actions directly affected each other in any way, the Supreme Court interpreted Rule 20 to hold a right to relief severally because the series of transactions were related and contained a common law and fact.  Id. at 142-143.

> [T]he complaint charged that the registrars had acted and were continuing to act as part of a state-wide system designed to enforce the registration laws in a way that would inevitably deprive colored people of the right to vote solely because of their color.  On such an allegation the joinder of all the registrars as defendants in a single suit is authorized by Rule 20(a) of the Federal Rules of Civil Procedure.

Id. at 142.  Indeed, the Supreme Court held all of the defendants were joined properly because they were all acting on the basis of the same system which created a transactional relatedness.

Likewise, in the case at hand, the defendants are properly joined because their actions directly relate back to the same initial seed of the swarm, and their alleged infringement further advances the series of infringements that began with that initial seed and continued through other infringers.  In doing so, the Defendants all acted under the same exact system.

**B.  There Are Common Issues of Fact and Law**

Rule 20(a)(2)(B) requires the plaintiffs' claims against the putative defendants to contain a common question of law or fact.  "The Plaintiff meets this requirement.  In each case, the Plaintiff will have to establish against each putative defendant the same legal claims concerning the validity of the copyrights in the movies at issue and the infringement of the exclusive rights reserved to the plaintiffs as copyright holders."  Nu Image, Inc. v. Does 1-3, 932, 2:11-CV-545-FTM-29, 2012 WL 1255189 (M.D. Fla. Apr. 12, 2012).  The "factual issues related to how BitTorrent works and the methods used by plaintiffs to investigate, uncover and collect evidence about the infringing activity will be essentially identical for each putative defendant."  Call of the Wild Movie v. Does 1-1,062, 770 F. Supp. 2d 332, 344-345 (D.D.C. 2011).

### C. Joinder is Proper Because Plaintiff Properly Pled Defendants Were Jointly and Severally Liable

Joinder is also proper when, as here, a plaintiff pleads joint and several liability. See Genetic Technologies Ltd. v. Agilent Technologies, Inc., 11-CV-01389-WJM-KLM, 2012 WL 1060040 (D. Colo. Mar. 28, 2012) ("It is uncontested that Plaintiff does not assert joint or several liability here, which would be a separate basis for joinder.")

Rule 20(a) provides for "any right to relief jointly, severally, or in the alternative". In this case Plaintiff pled both joint and several liability.

> **Relief May be Sought "Jointly, Severally, or in the Alternative":** It is *not* necessary that each plaintiff or defendant be involved in every claim set forth in the complaint. Thus, for example, if there are several plaintiffs (e.g., driver and passenger in auto accident), each may seek *separate* relief. Likewise, if there are several defendants, relief may be sought against each of them separately, or against all of them jointly. [FRCP 20(a); *Dougherty v. Mieczkowski* (D DE 1987) 661 F.Supp. 267, 278]

Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 7-D. "[C]oncert of action, *i.e.,* a right to relief jointly, is not a precondition of joinder. Plaintiff asserts a right to relief jointly against Defendants *and* severally. Therefore, the first clause of Rule 20(a)(2)(A) is satisfied by the assertion of a right severally." Patrick Collins, Inc. v. John Does 1-21, CIV.A. 11-15232, 2012 WL 1190840, at *8 (E.D. Mich. Apr. 5, 2012).

### D. Joinder Promotes Judicial Efficiency and Doe Defendants Cannot Demonstrate Prejudice At This Stage

Joinder of the defendants creates judicial efficiency, particularly at this stage of the litigation process and is beneficial to the Doe Defendants. "The Court finds that joinder, at this stage of the litigation, will not prejudice any party and will promote judicial efficiency." Patrick Collins, Inc. v. John Does 1-33, 11-CV-02163-CMA-MJW, 2012 WL 415424 (D. Colo. Feb. 8, 2012).

This Court has addressed this issue and stated, "consolidating early discovery for the purpose of determining the scope of claims and defenses will foster judicial economy. Should that process reveal disparate defenses as to each party, the Court would consider such a fact relevant on a later review of joinder's propriety." Raw Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012).

## III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

DATED this 13th day of July, 2012

Respectfully submitted,

FIORE & BARBER, LLC

By:  /s/ Christopher P. Fiore
Christopher P. Fiore, Esquire
Aman M. Barber, III, Esquire
Attorneys for Plaintiff
425 Main Street, Suite 200
Harleysville, PA 19438
Tel:  (215) 256-0205
Fax:  (215) 256-9205
Email:  cfiore@fiorebarber.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:  /s/ Christopher P. Fiore