IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 12-2083 |
| | : | |
| v. | : | |
| | : | |
| JOHN DOES 1-22, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

      This is a copyright infringement matter brought against alleged internet downloaders (via BitTorrent) by a producer of adult entertainment. Parties have filed several initial motions aimed at the nature and structure of this case. On June 29, 2012, Defendant John Doe 14 ("Doe 14") filed a "Motion to Dismiss and, in the Alternative, to Issue a Protective Order and Motion for Leave to Proceed Anonymously" (Docket 12). That same day, Defendant John Doe 13 ("Doe 13") filed a Motion to Sever All Claims against Does 2 through 22 (Docket 11). Plaintiff filed a Memorandum in Opposition to Defendant's Motion to Dismiss and in the Alternative, to Issue a Protective Order and Motion for Leave to Proceed Anonymously on July 13, 2012 (Docket 15). Plaintiff also filed a Memorandum in Opposition to Defendant John Doe 13's Motion to Sever All Claims against Doe Defendants 2 through 22 on July 13, 2012 (Docket 16). Accordingly, currently before this Court are Defendant Doe 14's Motion to Dismiss, Defendant Doe 13's Motion to Sever, and associated documents. I have considered the Motions very carefully; I find their resolution to be straightforward.

      Defendant Doe 14's Motion to Dismiss is without substantive merit. See Patrick Collins Inc. v. John Does 1-18, Civ. A. No. 11-7252 (E.D. Pa. May 7, 2012) (order denying

severance and affirming leave to serve third-party subpoenas) and Raw Films, Ltd. v. John Does 1-15, Civ. A. No. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012) (addressing the exact same issues in similar BitTorrent copyright infringement actions, holding that all similar motions should be denied because plaintiff's right to pursue its claim for copyright infringement outweighs any asserted rights to privacy by the Doe defendants and that joinder of the defendants was proper).  There is extensive caselaw supporting Plaintiff's actions in this case and precluding the Motion's requested relief.  Plaintiff's copyright infringement action is contemplated by modern law and shall proceed.

Defendant has also attacked the use of joinder in this case.  Here, the alleged infringement occurred through a series of logically related transactions.  See Raw Films, 2012 WL 1019067, at *4 ("Even if no Doe defendant directly transmitted a piece of the Work to another Doe defendant, the Court is satisfied at this stage of the litigation the claims against each Doe defendant appear to arise out of the same series of transactions or occurrences, namely, the transmission of pieces of the same copy of the Work to the same investigative server.").  In addition, there are common issues of law and fact.  In each case, Plaintiff will have to establish against each putative Defendant the same legal claims concerning the validity of the copyrights in the movies at issue and the infringement of the exclusive rights reserved to the Plaintiff as copyright holder.  See Nu Image, Inc. v. Does 1-3, 932, No. 2:11-cv-545-FtM-29SPC, 2012 WL 1255189, at *2 (M.D. Fla. Apr. 12, 2012).  Moreover, the "factual issues related to how BitTorrent works and the methods used by plaintiffs to investigate, uncover and collect evidence about the infringing activity will be essentially identical for each putative defendant."  Call of the Wild Movie, LLC v. Does 1-1,062, 770 F. Supp. 2d 332, 343 (D.D.C. 2011).  Finally, joinder clearly promotes judicial efficiency and Defendants have not demonstrated any prejudice to

counter that benefit.  See Patrick Collins, Inc. v. John Does 1-33, Civ. A. No. 11-cv-02163-CMA-MJW, 2012 WL 415424, at *3 (D. Colo. Feb. 8, 2012).  Accordingly, I conclude joinder is proper.  See Patrick Collins, Inc. v. John Does 1-18, Civ. A. No. 11-7252, at *3.  Should discovery "reveal disparate defenses as to each party, [this] Court would consider such a fact relevant on a later review of joinder's propriety."  Raw Films, 2012 WL 1019067, at *5.[1]

Defendant's Motion for a Protective Order to proceed anonymously is also insufficient on its face.  The Eastern District of Pennsylvania has recognized that "[l]awsuits are inherently public events."  Doe v. Megless, Civ. A. No. 10-1008, 2010 WL 3076246, at *2 (E.D. Pa. Aug. 5, 2010); see also Doe v. Borough of Morrisville, 130 F.R.D. 612, 614 (E.D. Pa. 1990) ("[L]awsuits are public events and the public has a legitimate interest in knowing the pertinent facts, including the true names of the parties.").  "The public's right to know the true identity of the parties is concomitant with the right of public access to judicial proceedings and records."  Doe v. Provident Life & Accident Ins. Co., 176 F.R.D. 464, 467 (E.D. Pa. 1997).  While a court may allow a party to proceed anonymously, it may only do so in exceptional cases such as "if a case involves highly sensitive or personal matters, or if there is a concrete risk of injury . . . by disclosure."  Megless, 2010 WL 3076246, at *2.  "That a [party] may suffer embarrassment or economic harm is not enough."  Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011).  Put simply, "a party may not proceed to litigate in federal court anonymously except in rare circumstances."  Raw Films, 2012 WL 1019067, at *8.

Here, as Plaintiff indicates, Defendant Doe 14 has failed to address what type of protective order he is seeking or offer a valid reason.  It appears that Defendant is simply seeking a protective order to avoid being sued for copyright infringement.  See Voltage Pictures,

---

[1] For these same reasons, Defendant Doe 13's Motion to Sever is without merit.

LLC, v. Does, 1-5,000, 818 F. Supp. 2d 28, 36 (D.D.C. 2011) ("[W]hatever asserted First Amendment right to anonymity the putative defendants may have in this context does not shield them from allegations of copyright infringement."). "The potential embarrassment to [Does] of being associated with allegations of infringing hardcore pornography does not constitute an exceptional circumstance that would warrant allowing the defendants to proceed anonymously." Liberty Media Holdings, LLC v. Swarm Sharing Hash File AE340D0560129AFEE8D78CE07F2394C7 B5BC9C05, 821 F. Supp. 2d 444, 453 (D. Mass. 2011). In conclusion, I find that it would be improper and unfair to issue an Order which would allow this matter to proceed anonymously.

*   *   *

AND NOW, this 30th day of July, 2012. It is hereby ORDERED:

1. The "Motion to Dismiss and, in the Alternative, to Issue a Protective Order and Motion for Leave to Proceed Anonymously" (Docket No. 12) is DENIED.

2. The Motion to Sever All Claims against Doe Defendants 2 through 22 (Docket No. 11) is DENIED.

BY THE COURT:

/s/ C. Darnell Jones, II
_____
C. DARNELL JONES, II,  U.S.D.J.